IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS, INDIANA

| | |
|---|---|
| BETTY COOPER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:21-cv-813-TWP-DLP |
| | ) |
| | ) |
| WESTMINSTER VILLAGE NORTH, INC. | ) |
| | ) |
| Defendant, | ) |

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of his Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

**JURISDICTION**

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e and 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991; 28 U.S.C. §§ 1331 and 1343, Age Discrimination in Employment Act of 1967 and Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.

1. Plaintiff fled a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice of right to sue on February 8, 2021.

**PARTIES**

2. Plaintiff is an African-American female over the age of forty (40) and at all relevant times she resided in the Southern District of Indiana.

3. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

## FACTS

4. Plaintiff began working at Defendant as a certified nursing assistant in April 2008.

5. Plaintiff performed her job well.

6. In May 2020, Plaintiff became very ill.

7. Plaintiff was told by her doctor to stay home and quarantine because it was believed that she had contacted COVID-19. In addition, Defendant told her to stay home as well if she had any symptoms of COVID-19.

8. Plaintiff continued to go to the doctor and provided the company with my doctor's notes and FMLA paperwork. She was approved for FMLA, and she was approved for FMLA until June 2, 2020.

9. On May 27, 2020, Plaintiff returned to work.

10. The next day, Plaintiff had to work, but began feeling sick again. She called-in, and the Director of Nursing ("DON") presented her with a final warning because the DON said that Plaintiff had missed too many days.

11. Plaintiff continued to go to work, however, some days she was sent home because Defendant did not have enough work for her to do.

12. On June 5, 2020, Plaintiff called and asked the nurse to check if she was on the schedule, and the nurse informed her that she was not on the schedule.

13. On June 5, 2020, the Scheduler called Plaintiff and asked why she was not at work. Plaintiff informed the Scheduler that she was told that she was not on the schedule.

14. The Scheduler informed her that she, in fact, was on the schedule, but to go ahead and stay home because her shift was filled and they were sending people home because there was not enough work.

15. On June 5, 2020, the DON called and told Plaintiff that she was being terminated because she was a no-call no-show.

16. Later, Plaintiff met with the DON and the DON informed Plaintiff that she had investigated the matter, and she was informed that Plaintiff was told that she should not attend work.

17.  The DON then stated that Plaintiff was terminated because of her attendance, and not because she was a no-call no show.

18. There are white and younger CNA's that missed work and were late to work, however, they were not written up nor were they terminated.

19. Plaintiff was terminated in retaliation for receiving FMLA.

20. Plaintiff was terminated due to her race.

21. Plaintiff was terminated due to her age.

### COUNT I

22. Plaintiff incorporates by reference paragraphs 1-22.

23. Defendant, as a result of terminating Plaintiff due to her race, violated 42 U.S.C. § 1981.

### COUNT II

24. Plaintiff incorporates by reference paragraphs 1-22.

25. Defendant, as a result of terminating Plaintiff due to her race, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT III

26. Plaintiff incorporates by reference paragraphs 1-22.

27. Defendant, as a result of terminating Plaintiff due to her age, violated Age Discrimination in Employment Act of 1967.

## COUNT IV

28. Plaintiff incorporates by reference paragraphs 1-22.

29. Defendant, as a result of retaliating against Plaintiff, violated Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff her cost in this action and reasonable attorney fees;

E. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd #31235-49

Attorney for Plaintiff

**REQUEST FOR JURY TRIAL**

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

s//Amber K. Boyd
Amber K. Boyd #31235-49
Attorney for Plaintiff

Amber K. Boyd #31235-49
Amber Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416